[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10055
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 6, 2011
JOHN LEY
CLERK

Agency No. A099-073-334

XUNBING LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 6, 2011)

Before CARNES, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Xunbing Liu, a native and citizen of China, seeks review of the Board of

Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"). The crux of Liu's argument is that the IJ and the BIA did not give adequate consideration to the evidence supporting his application. He requests that we remand his case to the BIA, so that it may give his application due consideration.

"We review the decision of the Board, and [also] review the decision of the Immigration Judge to the extent that the Board expressly adopted the opinion of the Immigration Judge." Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009). Thus, because here the BIA expressly adopted the IJ's opinion, we review that opinion as well as any additional reasoning supplied by the BIA. See id. at 1350.

We assess the agency's factual determinations under a highly deferential substantial evidence test. See id. at 1350–51. Under this test, "we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). To reverse a factual determination on appeal, the record must not only permit another interpretation of the evidence, but compel it. Id.

2

An alien is eligible for asylum if he qualifies as a "refugee." INA

§ 208(b)(1)(A); 8 U.S.C. § 1158(b)(1)(A). A refugee is defined as:

> any person who is outside any country of such person's nationality, or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A); 8 U.S.C. § 1101(a)(42)(A). An applicant can demonstrate a

well-founded fear of future persecution by proving a subjectively genuine and

objectively reasonable fear of persecution due to protected grounds. Kazemzadeh,

577 F.3d at 1352. As relevant to Liu's application, a person who has a well-

founded fear of being forced to undergo involuntary sterilization shall be deemed

to have a well-founded fear of persecution on account of political opinion. INA §

101(a)(42)(B); 8 U.S.C. § 1101(a)(42)(B).

Liu argues that the IJ failed to adequately consider the evidence in his

application. Our precedent makes clear that an IJ must consider all evidence that

an applicant has submitted. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th

Cir. 2006). The agency is not required to discuss every piece of evidence, so long

as it gives reasoned consideration to the evidence submitted. Id. But we have

held that an agency fails to give reasoned consideration to the record evidence

3

when it misstates the contents of the record, fails to adequately explain any illogical conclusions, or provides justifications for its decision which are unreasonable or do not respond to any arguments in the record. Id. at 1375–77. Furthermore, while we have held that the BIA may rely heavily on State Department reports about a country, we have also said that the use of country reports "cannot substitute for an analysis of the unique facts of each applicant's case." Imelda v. U.S. Att'y Gen., 611 F.3d 724, 728-29 (11th Cir. 2010).

Upon a thorough review of the record and the parties' briefs, we agree with Liu that the agency failed to give adequate consideration to the evidence in the record. Specifically, the agency's conclusion that Liu did not have an objectively reasonable fear that he would be forcibly sterilized if returned to China appears to be directly contradicted by Liu's credible[1] testimony to the contrary as well as by an official notice from the Chinese government ordering Liu to present himself to Chinese authorities for involuntary sterilization.

We begin by juxtaposing the agency's reasoning against the evidence submitted by Liu. In its oral decision, the IJ described Liu as fearing that, if

---

[1] When an IJ fails to explicitly find an applicant's testimony incredible, we accept the applicant's testimony as credible. Kazemzadeh, 577 F.3d at 1354. In this case, the IJ stated that she found Liu "on the whole to be credible," and expressly refused to render an adverse credibility determination. Therefore, we accept Liu's testimony as truthful for purposes of this appeal. See Kazemzadeh, 577 F.3d at 1354.

forced to return to China, the government would subject him to sterilization as punishment for his and his wife's defiance of China's family planning policy, which included his wife's removal of her inter-uterine device ("IUD") and subsequent failure to report for an official checkup regarding that device. But, despite refusing to render an adverse credibility determination, the IJ "did not find [Liu's] claim to be believable" because: (1) Liu's asylum application stated and provided evidence that China's family planning policy permits registered farmers like Liu to have a second child (upon permission from the government); (2) Liu did not submit medical documentation that his wife had undergone any medical procedure to remove her IUD; and (3) "there is also no proof that Chinese officials issued notices for sterilization for failure of Chinese citizens to go for IUD inspections." The BIA, in turn, concluded that "any prospect of sterilization is . . . speculative, depending on whether the respondent and his wife actually have a second child." As such, the BIA too reasoned that Liu's fear of sterilization was not objectively reasonable.

Yet, in characterizing Liu's claim in this manner, the agency understated a plethora of evidence Liu submitted showing that he *in particular* had *already* been ordered to receive punishment by sterilization. To begin, he testified numerous times that, if returned to China, he would be immediately sterilized as punishment

5

for he and his wife's failure to comply with China's birth control policy. In addition to this credible testimony, Liu also submitted a notice from the Fujiain province government ordering him to appear for sterilization. The notice was translated, and the translation states in full:

> After investigation, after your marriage on <u>October 12, 1999</u>, now already has <u>one</u> daughter, first daughter born on <u>July 28, 2000</u>. In December 2003, due to your illegal pregnancy, had given abortion as punishment. Since September 2007, Yan Qin Liu [the petitioner's wife] did not appear for IUD checkup. According to << Fujiain Province Population Family Planning Policy >>, you and your wife violated the Family Planning Policy. According to the regulation, you both must report to the Family Planning Office within one month (30 days) after the receipt of notice, and must go to the province (city or district) hospital for sterilization operation, and a fine is ordered according to the regulation.

Finally, Liu submitted a letter from his wife corroborating the official notice, informing him that medical complications compelled her to illegally remove the IUD, and warning that the authorities had vandalized their home after failing to locate them. The IJ admitted all of these documents into evidence.

Exactly as in <u>Tan</u>, the agency's failure to adequately explain or discount Liu's seemingly overwhelming evidence compels reversal in this case. 446 F.3d at 1375–76. In <u>Tan</u>, we held that an IJ failed to give "reasoned consideration" to an asylum application where it "misstated the record," rendered the applicant's testimony credible but failed to credit certain aspects of that testimony, and

6

provided unreasonable justifications for its findings.  See id.  As a result, we granted relief and remanded.  Id. at 1377.  Each of these same concerns are similarly reflected in this proceedings in this case.

First, the IJ suggested, and the BIA made plain, that the agency viewed Liu's petition as stemming from a speculative fear he *might* one day be punished *if* he and his wife illegally have a second child.  Yet as noted above, Liu made clear through his testimony and submissions that his concern is that he *will be* sterilized on account of his and his wife's *past* defiance of China's family planning policy.  It is thus difficult to ascertain how a general policy in China allowing farmers to have a second child has any bearing upon Liu's claim, and at the least Tan demands that the agency explain the basis for such a conclusion.  See id.

Moreover, the agency's conclusions are squarely at odds with the sterilization order introduced into evidence by Liu.  Indeed, the notice states unequivocally that Liu and his wife are to be sterilized on account of having "violated the Family Planning Policy" by, inter alia, his wife's failure to "appear for IUD checkup."  Despite that notice, however, the IJ concluded that "there is . . . no proof that the Chinese officials issued notices for failure of Chinese citizens to go for IUD inspections."  Without any effort to at least reconcile that general statement with the particularized evidence contradicting it, the IJ's statements "are

7

unsupported by the record, [and] they undermine the conclusion that the [IJ] considered all the evidence." Tan, 446 F.3d at 1376; see also id. (noting further that "[a]lthough the [IJ] is not required to discuss every piece of evidence presented before [her], the [IJ] is required to consider all the evidence submitted by the applicant." (citations omitted)).

Second, the agency in this case found Liu's testimony to be credible, yet reached a conclusion "at odds with [Liu's] credible testimony." Id. Indeed, despite expressly refusing to render an adverse credibility finding, the IJ stated that she "did not find [Liu's contention that he would be sterilized as punishment for the IUD removal] to be believable, . . . especially since his own information about the possibility of having a second child was confirmed in . . . support of this application." Thus, as in Tan, the IJ "neglected to reconcile [her] positive credibility finding and [Liu's] detailed testimony" with her later decision to disbelieve parts of his account. See 446 F.3d at 1376.

Third, the few reasons provided for the agency's conclusions are unreasonable because they rely upon statements in Liu's asylum application, which predated the forced removal of his wife's IUD, over newer evidence that reflected material developments in Liu's case. To this end, the agency concluded that Liu and his wife could apply for permission to raise a second child, based

8

upon statements he made in his 2005 asylum application and similar conclusions contained in a State Department Report. However, Liu's asylum application was filed years before the government issued the sterilization notice following the illegal removal of his wife's IUD, which explains the lack of emphasis on such notices. Without offering explanation as to why the earlier statements should trump the later ones, the IJ acted unreasonably when it relied on the general descriptions of China's family planning policy to overcome the official written notice containing an explicit command that Liu was to be forcibly sterilized. See Tan, 446 F.3d at 1376–77; see also Imelda, 611 F.3d at 728–29.

For these reasons, we find that the agency failed to give reasoned consideration to the record evidence. See Tan, 446 F.3d at 1375–77. Therefore, we vacate the BIA's final order and remand this case so that the agency may reconsider all of the evidence in Liu's case. Id.

**PETITION GRANTED.**